**DEGENER et al. v. ANDERSON, Collector of Internal Revenue.**

**No. 449.**

Circuit Court of Appeals, Second Circuit.

June 10, 1935.

Spencer, Ordway & Wierum, of New York City (Otto C. Wierum, John A. McManus, and Roderick B. Travis, all of New York City, of counsel), for appellants.

Martin Conboy, U. S. Atty., of New York City (Walter H. Schulman, Asst. U. S. Atty., of New York City, of counsel), for respondent.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

John F. Degener died April 15, 1924, leaving a will naming appellants executors. They sue to recover income taxes paid on profits derived from a partnership of which he was a member, C. A. Auffmordt & Co., whose fiscal year began December 1st of each year. Seven thousand six hundred and twenty-two and 18/100 dollars was paid as a tax on behalf of the decedent for his profits for the period from December 1, 1923, to April 15, 1924, which will be referred to as the first period. The second item of tax, $4,031.38, was paid for profits derived upon the decedent's share of the partnership from April 15, 1924, to November 30, 1924, which will be referred to as the second period. The interest and profits in the first period and the right to receive the profits in the second period were determined to be part of the corpus of the estate and an estate tax was assessed and paid. The appellants contested the obligation to pay this estate tax and appealed to the Board of Tax Appeals, who decided against them, affirming the action of the Commissioner and included the items as part of the gross estate.

This action is brought to recover income tax paid for each period. The claim of the appellants is, principally, that these items could not be both income and part of the corpus of the estate. There is no allegation in the bill of complaint seeking a recovery for the estate tax paid.

The copartnership articles provided that in the case of the death of one of the partners, the business should be nevertheless continued the same as it was before such death until the 30th of November next following, and, upon any accounting with the estate of the deceased member, the surviving partner should be required to account for and pay over only the value of the deceased's partnership interest as shown by the books of the partnership. Provision was made for an inventory and balance taken at the expiration of each year and the partners were allowed interest at the rate of 6 per cent. per annum upon their capital investment in the business. There is no provision for withdrawals of partnership profits before the expiration of the fiscal year.

In the first period, the decedent's share of the profits was $57,804.42; for the second period, $37,590.99. The question presented is whether the executors are not entitled to recover the amount of the income tax paid during each of these periods. It is also argued that relief should be accorded by way of repayment of the estate tax.

Bull v. United States, 55 S. Ct. 695, 698, 79 L. Ed. —— (April 29, 1935), dealt with the question of the propriety of the imposition of an estate tax and also an income tax

upon profits of a partnership allocated to a deceased partner, some of which profits had accrued at the time of the death of the decedent. The court held that the amount received from the partnership as profits earned prior to the partner's death was income earned by him during his lifetime and taxable as such, and that it was also the corpus of his estate and as such to be included in his gross estate for computation of the estate tax. With commendable frankness, counsel for appellant now state that they cannot properly ask now for a reversal of the judgment entered herein in respect to profits of the partnership earned before Mr. Degener's death. But they do argue that the tax paid on the profits of the partnership during the second period may be recovered. The Supreme Court in the Bull Case held that profits after the death of the testator and for the balance of the fiscal year constituted income to the estate, not corpus to the estate. Appellant argues that the contract right of the decedent to an interest in the partnership earnings to the end of the fiscal year was an asset of the estate, and that the collection thereof by the executors was merely an act of reducing to possession that asset, and that when the amount was ascertained and paid it became part of the estate, not as income but as corpus. They argue that the decision in the Bull Case is distinguished by the peculiar provisions of the partnership agreement there. In the Bull Case, the court said: "We are told that, since the right to profits is distinct from the profits actually collected, we cannot now say more than that perhaps the Commissioner put too high a value on the contract right when he valued it as equal to the amount of profits received. * * * This error, if error it was, the government says is now beyond correction. While, as we have said, the same sum may in different aspects be used for the computation of both an income and an estate tax, this fact will not here serve to justify the Commissioner's rulings. They were inconsistent. The identical money—not a right to receive the amount, on the one hand, and actual receipt resulting from that right on the other—was the basis of two assessments. The double taxation involved in this inconsistent treatment of that sum of money is made clear by the lower court's finding we have quoted. The Commissioner assessed estate tax on the total obtained by adding * * * the decedent's share of profits earned prior to his death, and * * * the estate's share of profits earned thereafter. He treated the two items as of like quality, considered them both as capital or corpus; and viewed neither as a measure of value of a right passing from the decedent at death. No other conclusion may be drawn from the finding of the Court of Claims. * * * By the terms of the agreement his estate was to sustain precisely the same status quo ad the firm as he had, in respect of profits and losses. Since the partners contributed no capital and owned no tangible property connected with the business, there is no* justification for characterizing the right of a living partner to his share of earnings as part of his capital; and if the right was not capital to him, it could not be such to his estate."

On appeal to the Board of Tax Appeals, in the estate tax proceedings, it held that, in the absence of a showing by the appellants that the Commissioner's determination was erroneous as to the method and amount, his inclusion of the sum of $45,243.68 in decedent's gross estate as a measure of the value of the decedent's right, as of the date of death, to receive a share of future partnership earnings, was correct.

■ The Bull Case, in line with earlier decisions in the lower courts, recognized that there is a distinction between measuring the value of a contract right which accrued for the decedent at the date of death and taxing income which arises in the future by virtue of the contract. The appellants reported the sum of $37,590.99 as income of the estate, and so it was. It is the profits for the second period which the Bull Case holds may be subject to income tax. Under the partnership agreement, the partnership continued until the end of the year—December 1, 1924—and the profits derived were subject to the income tax.

■ The effort to recover the estate tax, it having been litigated in another proceeding and passed on adversely to the appellants, may not now be brought into question in this action, particularly in view of the failure to seek its recovery in the complaint.

Judgment affirmed.